# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 21-010

GLENN M. HEBERT

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2018-4868
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Van H. Kyzar, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**R. Scott Iles**
**Post Office Box 3385**
**Lafayette, Louisiana  70502**
**1200 West University**
**Lafayette, Louisiana  70506**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Glenn M. Hebert**


**Katherine Paine Martin**
**Gretchen Heider Mayard**
**Martin Mayard, L.L.C.**
**200 Beaullieu Drive, Building 3A**
**Post Office Box 81338**
**Lafayette, Louisiana  70598-1338**
**(337) 291-2440**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **State Farm Fire and Casualty Company**

**PERRY, Judge.**

This is an appeal by Plaintiff, Glenn M. Hebert, from the trial court's adverse judgment in favor of Defendant, State Farm Fire and Casualty Company (State Farm). For the reasons which follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff owns a home in Lafayette, Louisiana. At all times pertinent to this litigation, Plaintiff's home was insured by a homeowner's insurance policy issued by State Farm.

On April 2, 2018, Plaintiff contacted State Farm, claiming the roof of his home was damaged during a hail-producing storm one year earlier, on April 2, 2017. The roof of Plaintiff's home was inspected by Ned J. Theriot, a claims adjuster for State Farm, on April 9, 2018. Plaintiff was notified by Mr. Theriot that no evidence of hail damage was discovered. Instead, Mr. Theriot found only a small area damaged by wind which qualified for coverage under Plaintiff's homeowner's insurance policy; however, the repair costs were estimated to be less than Plaintiff's deductible.[1]

Plaintiff filed the instant suit on August 8, 2018, contending an inspection by T.A.S. Roofing confirmed that Plaintiff's roof had sustained hail damage to such an extent it required replacement at an estimated cost of $29,750.00. Plaintiff alleged entitlement to the cost of roof replacement and to bad faith damages under La.R.S. 22:1892 for State Farm's alleged arbitrary refusal to provide coverage under the terms of his homeowner's insurance policy.[2]

---

[1] Mr. Theriot estimated it would cost $324.31 to repair the wind damage to the roof of Plaintiff's home. Plaintiff's homeowner's insurance deductible was $2,542.00.

[2] Plaintiff's claim for bad faith damages was dismissed via summary judgment in June 2019.

The matter proceeded to a bench trial on July 1, 2020, after which judgment was rendered in favor of State Farm. Plaintiff's claims against State Farm were dismissed with prejudice by judgment dated July 14, 2020.

## ASSIGNMENTS OF ERROR

Plaintiff now appeals, presenting three assignments of error:

(1)    The trial court erred when it applied the wrong burden of proof by specifically stating in the oral reasons for ruling that the court had reasonable doubt about hail damage.

(2)    The trial court erred in finding that a lay person who is a State Farm adjustor was an "expert" in the field of the area of physics associated with hail damage.

(3)    The trial court erred in making its decision against the weight of the evidence in this case.

## LAW AND DISCUSSION

The standard of appellate review of factual determinations is manifest error. *Stobart v. State, Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). When reviewing factual determinations for manifest error, the issue is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was reasonable. *Id*. If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently. *Id*. Additionally, where factual findings are based on determinations regarding the credibility of witnesses, great deference is afforded to those factual findings under the manifest error standard. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Factual findings based on the fact finder's decision to credit the testimony of one of two or more witnesses can virtually never be manifestly erroneous. *Id*. This rule applies equally to the fact finder's evaluation of expert testimony. *Lasyone v. Kansas City S. R.R.*, 00-2628 (La. 4/3/01), 786 So.2d 682.

Plaintiff's first assignment of error is the trial court "specifically stat[ed] . . . it had reasonable doubt[.]" Plaintiff argues in brief: "The burden of proof and the issue of the court deciding that a 'reasonable doubt' standard should apply is covered by the fact that the court's decision was against the weight of the evidence in this case constituting error." We find no merit to Plaintiff's contention the wrong burden of proof was applied.

In this case, the trial court heard testimony from Plaintiff and six others: four witnesses appeared on behalf of Plaintiff, and two expert witnesses were presented by State Farm. Plaintiff's first witness was Shannon C. Ducote, a licensed home improvement contractor with over twenty-five years of experience in the roofing business. Mr. Ducote testified he inspected the roof of Plaintiff's home in February 2019 and observed "hail damage on most slopes of the roof itself" with no "blistering associated with heat or stress factors." It was his assessment the roof of Plaintiff's home was damaged by hail in April 2017 to such an extent that it required replacement.

When asked during cross-examination whether he possessed any photographs of the hail damage he observed while inspecting Plaintiff's roof in February 2019, Mr. Ducote replied it was possible he had taken photographs, but he had none in his possession to offer into evidence at trial. Mr. Ducote produced only an invoice dated March 15, 2019, from his company, Ducote Roofing & Construction, which indicated there was "evidence of hail damage on most slopes" and to "all soft metals." The invoice also showed Plaintiff was charged $27,345.00 for a complete roof replacement.

In rendering its oral judgment in favor of State Farm, the trial court declared:

> I guess I would have really been curious to hear what Mr. Ducote would have pointed out as damage to the photographs that were introduced by State Farm . . . .

3

You know, as a layperson who has no understanding of how homes are built and repaired, I have to rely on the expert to explain that to me. It was interesting to me to hear the plaintiff's case in that there were so many homes in the area that required to have their roof changed, because of the same storm that hit the plaintiff's house and that the plaintiff did not need to have his home repaired.

So that was interesting to me that, you know, all these other different insurance companies saying, "Yes. These roofs need to be repaired because this storm caused damage to the roofs," but there was this one guy that was singled out that didn't need it. That was interesting to me.

But what was also interesting is that Mr. Ducote's testimony was about what he saw in April of 2019 and his testimony -- I wondered how biased it is, because he stands to profit directly from the repair.

And I kind of worried about the credibility there and would have liked to have seen him show the Court from the photographs, "This is the damage I saw," or, "Judge, based on my training and expertise, this is hail damage. You know, you may not see it, because you went to law school. But this is what I do for a living, and this is damage." And that was not -- that's a lack of evidence that creates a doubt in my mind.

Contrary to Plaintiff's assertion, the trial court did not expressly state it had reasonable doubt about hail damage. Rather, the trial court simply noted the weaknesses it perceived with Plaintiff's evidence, particularly concerning the testimony of Mr. Ducote. Thus, we do not find Plaintiff was required to prove his claim beyond a reasonable doubt. Further, as will be discussed later, we consider whether Plaintiff's evidence was sufficient to prove by a preponderance that the roof of his home was damaged by hail to qualify as a covered loss under the terms of his homeowner's insurance policy.

Plaintiff's second assignment of error is the trial court erred in accepting as an expert "a lay person who is a State Farm adjustor[.]" Plaintiff argues in brief: "In this case, a simple fact witness and lay adjustor does not constitute an 'expert' in any area of physics or hail damage, and should be given no more weight than any other lay witness, especially one that is in the trade of roofing on a day-to-day basis." Because both of State Farm's experts were accepted at trial over Plaintiff's

4

objections, and because the appellate brief herein does not clarify to whom Plaintiff is referring—Ned Theriot or Steve Owens—we have considered the trial court's acceptance of both under the requirements concerning expert testimony as set forth in La.Code Evid. art. 702(A), which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (2) The testimony is based on sufficient facts or data;
>
> (3) The testimony is the product of reliable principles and methods; and
>
> (4) The expert has reliably applied the principles and methods to the facts of the case.

Our supreme court has recognized, "[f]ormal education or training in a particular field is not always necessary to qualify as an expert in a particular field. Experience alone is sufficient." *Mistich v. Volkswagen of Germany, Inc.*, 95-939, p. 8 (La. 1/29/96), 666 So.2d 1073, 1079. Further, the trial court has great discretion in determining who should qualify as an expert, and this decision should not be disturbed on appeal unless it is clearly wrong. *Id.*

The trial court qualified Mr. Theriot as an expert in the fields of roof construction, roof repair, and roof damage. Mr. Theriot was employed by State Farm as a claims adjuster when he inspected the roof of Plaintiff's home. Mr. Theriot testified he studied architecture and worked in the construction business for eleven years before joining State Farm in 2001. He spent nearly twenty years working as a claims adjuster for State Farm, during which approximately seventy-five percent of his job involved roof inspections. Mr. Theriot testified he left his employment with State Farm after this litigation began and, at the time of trial, he owned a construction

5

company which primarily performed roofing construction. Mr. Theriot had also testified as an expert regarding roof construction, repair, and causation of roof damages, including hail and wind.

The trial court qualified Steve Owens as an expert in the fields of roof construction, best practices, and the cause of damages to roofs. After the lawsuit was filed, State Farm retained Mr. Owens, a licensed general contractor with twenty-five-years' experience in commercial and residential construction, to perform a second inspection of Plaintiff's roof. In addition to having extensive experience in roof installation and repair, Mr. Owens was previously licensed as an insurance adjuster and had testified as an expert regarding the cause of damages to homes.

In light of the evidence presented, we find the trial court was within its discretion in qualifying Mr. Theriot, based on his experience, as an expert in roof construction, roof repair, and roof damage. We, likewise, find the trial court was within its discretion in qualifying Mr. Owens, based on his experience, as an expert in roof construction, best practices, and the cause of damages to roofs.

Plaintiff's final contention on appeal is the trial court erred in ruling his evidence failed to prove the roof of his home sustained hail damage to qualify as a covered loss under his policy of homeowner's insurance. Plaintiff asserts there was uncontradicted evidence that his home was subjected to a hailstorm on April 2, 2017, and the roof of his home needed to be replaced after the hailstorm. Plaintiff alleges that State Farm's expert, Mr. Owens, also acknowledged in his testimony that the roof of Plaintiff's home needed to be replaced.

At trial, Plaintiff testified he contacted State Farm in April 2018 after noticing neighbors having the roofs of their homes replaced and learning that hail during a storm in April 2017 was the reason. When asked whether he had any roofing

6

problems before this storm, Plaintiff testified he "had some issues with one of the eaves on the bottom, in the back." According to Plaintiff, Mr. Theriot arrived at his home and asked Plaintiff to borrow a ladder. Because Plaintiff had no ladder, Mr. Theriot just walked around the house and said he saw no hail damage. After learning his hail-damage claim was denied, Plaintiff obtained inspections from four different roofers and all reportedly found hail damage, recommended roof replacement, and submitted bids.

Under cross-examination, Plaintiff testified his roof was approximately seventeen years old that at the time of the hailstorm in April 2017. He also acknowledged his roof was repaired four times, with three repairs occurring during the eighteen-month period between July 2014 and December 2015. In addition to repairs, Plaintiff also installed solar panels in an attempt to "cool the roof down and save the shingles[.]"

The only roofer Plaintiff called to testify at trial was Mr. Ducote, whose knowledge of roofing was obtained through on-the-job experience. Mr. Ducote testified he first inspected the roof of Plaintiff's home in February 2019 and replaced the roof in March 2019.

In addition to Mr. Ducote, Plaintiff presented testimony from three of his neighbors—Neil J. Fontenot, Jack M. Profit, and Joseph D. Aaron, Jr.—who confirmed that a hail-producing storm caused widespread roof damage throughout their neighborhood on April 2, 2017. Messrs. Fontenot, Profit, and Aaron each testified they made undisputed hail damage claims, for which their respective insurers paid to replace the roofs of their homes as a result of the hail damage caused by said storm.

In contrast, State Farm introduced two inspections of Plaintiff's roof, both of which were documented with photographs. Mr. Theriot refuted Plaintiff's claim his

7

inspection was performed from ground level, testifying that he used his own ladder to climb onto Plaintiff's roof. He produced eighteen photographs taken during his inspection which show the condition of Plaintiff's roof in April 2018. Mr. Theriot explained he performed a test square on each of the four slopes of Plaintiff's home, which entails marking a ten-foot by ten-foot area to look for any impacts that suggest hail damage. Mr. Theriot testified he found no evidence of hail impact in any of the test squares of Plaintiff's roof, nor did he see evidence of hail damage on any of the aluminum materials, such as rain caps, which could be easily dented. Instead, the only indentation Mr. Theriot noted were made by rivets which held down the rain cap. When asked why Plaintiff's home would not have hail damage and his neighbors might, Mr. Theriot attributed this occurrence to the higher quality of Plaintiff's roofing shingles. In fact, Mr. Theriot testified he only installs the brand of shingles used on Plaintiff's roof in his roofing business because they are, in his opinion, the best roofing shingles on the market.

Mr. Owens testified he spent approximately two hours inspecting Plaintiff's roof in August 2018. He produced ten photographs taken during his inspection. Like Mr. Theriot, Mr. Owens testified he did not see hail damage on any of the metal components of Plaintiff's roof. He also explained that given the amount of mildew on Plaintiff's roof, the impact of hail would leave white spots; however, no spots were visible on Plaintiff's shingles. Thus, Mr. Owens found no evidence of hail damage on Plaintiff's roof. It was his opinion, however, that the roof of Plaintiff's home needed to be replaced because of age, poor workmanship repairing past roof damage, and rusty flashings.

Faced with conflicting testimony, the trial court clearly attributed more authority to the testimony of State Farm's two experts. It is also obvious the experts' photographs bolstered the trial court's confidence in their opinions. Consequently,

our review of the entire record reveals no clear error in the trial court's factual determinations with respect to Plaintiff's hail-damage claim. We, therefore, affirm the trial court's judgment in favor of State Farm.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this matter are assessed to Plaintiff/Appellant, Glenn M. Hebert.

**AFFIRMED.**